Stanley, Mandel & Iola LLP v. Milberg Weiss Bershad & Schulman LLP et al																																Doc. 1
Case 3:06-cv-01442   Document 1   Filed 08/11/2006   Page 1 of 9



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| STANLEY, MANDEL & IOLA, L.L.P. § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> MILBERG WEISS BERSHAD § <br> & SCHULMAN, L.L.P., § <br> JOHNSON & PERKINSON, and § <br> GIRARD GIBBS, L.L.P., § <br> § <br> Defendants. § <br> § | Civil Action No. 3132 |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Stanley, Mandel & Iola, L.L.P, ("SMI") files its Original Complaint against Defendants Milberg Weiss Bershad & Schulman, L.L.P. ("MW"), Johnson & Perkinson ("JP") and Girard Gibbs, L.L.P. ("GG") (collectively "Defendants") as follows:

### I.    PARTIES

1. Plaintiff SMI is a Texas limited liability partnership with its principal offices in Dallas, Texas.

2. Defendant MW is a New York limited liability partnership with its principal office at One Pennsylvania Plaza, 49th Floor, New York, New York, 10119. MW may be served with process by serving any partner at the partnership's principal office.

3. Defendant JP is a Vermont partnership with its principal office at 1690 Williston Road, South Burlington, Vermont, 05403. JP may be served with process by serving Dennis Johnson or Jacob Perkinson at JP's principal office.

4. Defendant GG is a California limited liability partnership with its principal office at 601 California Street, Suite 1400, San Francisco, California 94018. GG may be served with process by serving any partner at the partnership's principal office.

## II.     JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the minimum jurisdictional limits of this Court and because this lawsuit is between citizens of different states. This Court is the appropriate venue for this lawsuit pursuant to 28 U.S.C. § 1391(a)(2) because the Northern District of Texas is the judicial district in which a substantial part of the events of omissions giving rise to the claims occurred.

## III.    FACTUAL BACKGROUND

6. This is a breach of oral contract action arising out of promises made by David Bershad, a name-partner at MW and the agent for all Defendants, to Plaintiff SMI in connection with the attorneys' fee allocation in the class action matter of *Scheiner v. i2 Technologies, Inc., et al.* (the "i2 matter"), Civil Action No. 3:01-CV-418-H, pending in the Northern District of Texas.

7. Plaintiff SMI is a Dallas-based law firm specializing in class actions, toxic torts, and business litigation. Over the past several years, SMI has worked with MW on many class action cases, both as co-lead and liaison counsel.

8. In 2001, SMI was retained by MW to serve as liaison counsel in the i2 matter. Thereafter, on June 21, 2001, SMI was appointed by the court as liaison counsel in the i2 matter. MW was appointed co-lead counsel along with GG and JP. Throughout the prosecution of the i2 matter, SMI received virtually all of its assignments and requests from MW.

9. For its part, SMI had a substantial role in the prosecution of the i2 matter, including drafting and filing motions and pleadings in the matter; revising, filing and serving complaints; communicating with opposing counsel regarding service and discovery matters; ensuring compliance with the local rules; and in seeking consolidation of the i2 matter in Judge Sanders' court. SMI also played a substantial role in formulating strategy in the case, in negotiating with Arthur Andersen and with objectors' counsel, and in resolving fee disputes with counsel on certain derivative claims.

10. There were two class action settlements negotiated in the i2 matter. First, the parties negotiated a class settlement with respect to the securities fraud and other claims brought against i2 and its principals. Second, the parties negotiated a class action settlement with respect to accounting malpractice and related claims brought against Arthur Andersen for its work for i2.

11. Specifically, the class action settlement of the i2 matter (excluding the Arthur Anderson claims) was negotiated in 2004. A Fairness Hearing to approve the class action settlement was set by the Court to occur on October 1, 2004.

12. Prior to the Fairness Hearing, SMI indicated to Bershad that SMI wished to reach a definitive agreement regarding SMI's compensation for SMI's work in the i2 matter. At the time, SMI made it clear that SMI would file a separate fee petition with the Court absent an agreement regarding the allocation of fees to SMI.

13. To that end, prior to the Fairness Hearing, Marc Stanley of SMI met with David Bershad at MW's offices in New York City. The purpose of the meeting was to negotiate the percentage of attorneys' fees that would be allocated to SMI in the event that the court approved the class action settlement. After an extensive discussion about the historical relationship of the two firms and the worked performed by SMI in the i2 matter, Stanley requested that Bershad

agree to allocate 15% of the fees awarded in the case to SMI. Bershad countered that he believed that the 10% fee that SMI had received in previous cases would be appropriate, although he agreed to discuss Stanley's request for 15% with the other co-lead counsel. While SMI desired a greater fee, Stanley responded that a 10% fee would be acceptable and that, in return for the promise of a 10% floor, SMI would not file a separate fee application with the Court. Bershad agreed to this arrangement on behalf of MW and the other co-lead counsel.

14.    Bershad had both actual and apparent authority to negotiate the fee allocation with SMI on behalf of MW, GG, and JP. Bershad had actual authority to negotiate SMI's fee allocation with co-lead counsel because Bershad was the lawyer in charge for co-lead counsel throughout the litigation. Bershad also had apparent authority to negotiate SMI's fee allocation on behalf of co-lead counsel because of GG's and JP's affirmative actions giving Bershad the authority to do so as well as GG's and JP's acquiescence in allowing Bershad to represent GG and JP. Finally, in negotiating SMI's fees, Bershad was working within the course and scope of his employment at MW and as a partner of MW. Therefore, MW is vicariously liable for Bershad's actions.

15.    The Court approved the class action settlement of the i2 matter (excluding claims against Arthur Andersen) on October 1, 2004. In doing so, the Court awarded 25% of the gross settlement, or $21,212,500 (plus accrued interest), as attorneys' fees. In reliance on Bershad's promise of at least a 10% fee to SMI, SMI did not file a separate fee application with the Court. Based on the amount of attorneys' fees awarded, and because of Bershad's promises to Stanley, SMI expected to receive at least $2,121,250 as its attorneys' fees in the i2 matter.

16.    Instead of honoring their promise to SMI, however, MW and the other co-lead counsel allocated only 3.84% of the fee to SMI, not the 10% agreed upon by the parties.

Therefore, SMI is owed at least $1,306,652 in additional fees resulting from the initial class action settlement of the i2 matter.

17. Several months later, on May 26, 2005, the Court approved the class action settlement of the claims against Arthur Anderson. In doing so, the Court awarded attorneys' fees of $725,000. Contrary to Bershad's promises to SMI of at least 10% of the attorneys' fees, SMI was allocated zero fees from the settlement of the claims related to Arthur Andersen. Therefore, SMI is owed at least $72,500 in additional fees resulting from the second class action settlement in the i2 matter.

## IV. CAUSES OF ACTION

### A. Breach Of Oral Contract

18. SMI incorporates the previous paragraphs as if set forth fully herein.

19. SMI and Defendants formed an enforceable oral contract on September 28, 2004. Under that contract, Defendants agreed to allocate at least 10% of the attorneys fees awarded in the i2 matter to SMI as compensation for SMI's work on the case and in exchange for SMI's agreement not to file a separate fee application with the Court.

20. SMI performed its obligations under its contract with MW.

21. Defendants breached their obligations under the contract by failing to allocate 10% of the attorneys' fees awarded in the i2 matter to SMI.

22. As a result, SMI is owed at least $1,379,152 in additional attorneys' fees from Defendants.

### B. Attorneys' Fees

23. SMI incorporates the previous paragraphs as if fully set forth herein.

24.     As a result of Defendants' breach of its oral contract with SMI, SMI is entitled to recover its reasonable attorneys' fees and costs incurred in this matter pursuant to Texas Civil Practice & Remedies Code § 38.001 *et seq*. SMI either has or will promptly comply with all presentment requirements under Texas law.

### V.    JURY DEMAND

25.     SMI demands a trial by jury in this matter.

### VI.    CONDITIONS PRECEDENT

26.     SMI has performed or otherwise satisfied all conditions precedent to filing this lawsuit.

### VII.    PRAYER

WHEREFORE, PREMISES CONSIDERED, SMI requests judgment of the Court as follows:

a.     That SMI be awarded its actual damages;

b.     That SMI recover its attorneys' fees and expenses pursuant to applicable law; and

c.     That SMI recover all costs, together with such other and further relief, both at law and in equity, to which it may show itself to be justly entitled.

Respectfully submitted,

*[signature]*

Jeffrey M. Tillotson, P.C.
Texas Bar No. 20039200
John Volney
Texas Bar No. 24003118
**LYNN TILLOTSON & PINKER, L.L.P.**
750 N. St. Paul Street, Suite 1400
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

**ATTORNEYS FOR PLAINTIFF,
STANLEY, MANDEL & IOLA, L.L.P.**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Stanley, Mandel & Iola, L.L.P.

## DEFENDANTS
Milberg Weiss Bershad & Schulman, L.L.P., Johnson & Perkinson, and Girard Gibbs, L.L.P.

(b) County of Residence of First Listed  Dallas County
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed  New York County
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
Jeffrey M. Tillotson, P.C. / John Volney
Lynn Tillotson & Pinker, LLP
750 N. St. Paul St, Suite 1400
Dallas, TX 75201   (214) 981-3800

RECEIVED AUG 11 2006
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

Attorneys (If Known)

3-06CV1442-B

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | X 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated and Principal of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS |  | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
|  | PERSONAL INJURY | PERSONAL INJURY |  |  |  |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury— Med. Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 315 Airplane Product Liability |  | ☐ 620 Other Food & Drug |  | ☐ 410 Antitrust |
| ☐ 130 Miller Act |  | ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 630 Liquor Laws |  | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment |  | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | PROPERTY RIGHTS | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability |  | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 340 Marine | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
|  | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits |  | ☐ 371 Truth in Lending | LABOR | SOCIAL SECURITY | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage |  |  | ☐ 891 Agricultural Acts |
| X 190 Other Contract | ☐ 355 Motor Vehicle Product Liability |  | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability |  | ☐ 385 Property Damage Product Liability |  | ☐ 862 Black Lung (923) | ☐ 893 Environmental Matters |
|  | ☐ 360 Other Personal Injury |  | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 894 Energy Allocation Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS |  | ☐ 864 SSID Title XVI | X 895 Freedom of Information Act |
|  |  |  | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 865 RSI (405(g)) |  |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence |  | FEDERAL TAX SUITS | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment |  | ☐ 740 Railway Labor Act |  |  |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | Habeas Corpus: |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |  |
| ☐ 240 Torts to Land |  | ☐ 530 General | ☐ 790 Other Labor Litigation |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty |  |  |  |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
|  |  | ☐ 550 Civil Rights |  |  |  |
|  |  | ☐ 555 Prison Condition |  |  |  |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $
(Request Determination by IRS)

CHECK YES only if demanded in complaint:
JURY DEMAND:  X Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):
JUDGE  Barefoot Sanders    DOCKET NUMBER  3:01-CV-418-H

DATE  8-10-06
SIGNATURE OF ATTORNEY OF RECORD  /s/ John Volney

FOR OFFICE USE ONLY

JUDGE _____ MAG. JUDGE _____

JS 44 Reverse (Rev. 12/96)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL

Authority For Civil Cover Sheet